

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,646-01

### EX PARTE KRISTIN DIANE MASSEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1142606-A IN THE 339TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Applicant pleaded guilty to compelling prostitution of a minor and was sentenced to two years' imprisonment. Applicant did not appeal her conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her plea was involuntary due to ineffective assistance of counsel, specifically, she alleges that she was not advised or admonished about the requirement to register as a sex offender. The judgment states: "Sex Offender Registration Requirements do not apply to the Defendant." Applicant alleges that had she been admonished that she would have to register as a sex offender for life, she would not have pleaded guilty but would have insisted on going to trial

on the charges. Based on the record, the trial court has determined that Applicant's plea was involuntary because neither trial counsel nor the trial court advised her about the requirement to register as a sex offender, and the judgment states that the sex offender registration requirement does not apply to her.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 1142606 in the 339th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 20, 2022
Do not publish